CHARLES H. BROWN *vs.* LAURA M. McGUIRE.

AUGUST 3, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This bill in equity was brought by one of two tenants in common of certain realty to compel the other cotenant to account for the value of the interest which complainant alleged he conveyed to her without consideration as a result of her fraudulent representations. The bill also contained specific prayers to impress a lien or trust on certain other real property purchased by respondent in part from the proceeds of the sale of the realty in question, to grant incidental injunctive relief, and also contained a prayer for general relief. After a hearing in the superior court on bill, answer and proof a decree was entered granting the accounting and the lien prayed for on grounds other than fraud. The cause is before this court on respondent's appeal from that decree.

The complainant and respondent are the only children of Laura S. Pickup, hereinafter called the mother, who died intestate on May 15, 1946. She had married twice and both her husbands predeceased her, so that upon her death the title to her realty on Swan street in the city of Providence

descended by operation of law to the complainant and respondent as her only heirs at law. Subsequently with complainant's consent respondent was appointed by the probate court of Providence administratrix of the mother's estate.

Complainant alleges substantially that at such time respondent solicited him and his wife to deliver to her a quitclaim deed of their interests in said property, fraudulently representing that this was necessary in order to enable her to administer the mother's estate; that such representations were false, were known by respondent to be false, and were intended to defraud and deceive complainant and to induce him to give up his half interest; that relying on such fraudulent representations he was induced to deliver a deed executed by himself and his wife to the respondent without consideration.

This deed admittedly was not recorded by respondent for about two and one-half years, during which time she collected the rents and generally managed the property but rendered no accounting to him. She then sold that property for $5,000 less $250 commission and apparently used the proceeds in the purchase of other real estate in the town of Johnston, Rhode Island, the deed to which was taken in the name of herself, her husband and her son as joint tenants. Upon her refusal to pay complainant the value of his interest in the Swan street property the instant bill of complaint was brought for an accounting of the rents and profits of that realty and for a lien and other incidental relief.

The trial justice found that complainant had not sustained his allegations of actual fraud on the part of respondent. However, he then concluded in substance and effect that the conveyance was made by the complainant to the respondent without consideration; that it was not intended as a gift; and that "these parties agreed that complete title should be placed in respondent, she to manage the property in her discretion and, in her discretion, to sell it at such time

and for such price as she should determine." He therefore took an accounting of the rents and profits of the Swan street property and entered a decree requiring respondent to pay complainant the sum of $2,446, representing the value of his share therein. He further impressed a lien on the Johnston real estate as security for payment of the amount found to be due to complainant.

The respondent by her several reasons of appeal contends chiefly that the decree is erroneous in part because (1) the trial justice having first found that actual fraud was not proved should have dismissed the bill without further hearing and without prejudice to any possible issue other than that of actual fraud; and (2) there were no allegations and evidence sufficient to support the decree based upon the finding of an alleged agreement between the parties as set forth in the trial justice's rescript.

She argues that the bill as drawn was based solely upon allegations of actual fraud; that when complainant failed to establish actual fraud he was entitled to have his bill further heard but only "provided the cause presents any other issue or issues which a court of equity has jurisdiction to hear and determine," under general laws 1938, chapter 528, §25, as amended by public laws 1940, chap. 934; and that the cause thus referred to must be stated in the pleadings. In other words, she contends that if actual fraud is alleged and not proved, there must be allegations which present issues other than actual fraud in order to support a further hearing and the granting of other prayers for specific or general relief.

We have examined the bill of complaint and in our judgment it is clear that the gravamen of the complaint is contained in the paragraphs numbered sixth and seventh of the bill. The allegations in these paragraphs are necessarily and solely based upon the claim of *actual fraud* perpetrated by the respondent. There are no allegations of the terms of any agreement to be performed or of any conduct by

respondent, apart from actual fraud as alleged, which would reasonably support the prayers for specific relief or for general relief as granted.

The complainant argues that since the decree found there was no fraud we may now strike from the bill all references to actual fraud and thereby treat the cause as if it had been filed and tried as a bill to establish a "resulting" trust on the basis of an unperformed agreement as found by the trial justice. However, complainant cites no case or authority under our equity practice wherein a cause in equity which is stated entirely on the sole theory of actual fraud may be decided on the evidence as to another issue the basis of which is not stated directly or by reasonable inference in the bill or pleadings, even though the prayers are adequate.

In our judgment orderly practice, especially where a complainant alleges actual fraud, requires substantial adherence to the issues framed by the allegations in the bill and answer or other pleadings. Unless this is done a complainant could file merely a series of prayers for specific and general relief without informing the respondent of the cause he has to meet and without alleging facts which substantially would raise pertinent issues so long as the evidence at the trial might provide some basis for a previously undisclosed cause of action. This has not been the practice here.

In the circumstances we are of the opinion that we should make our determination upon the pleadings as filed. Equity pleading is distinct from procedure at law, and permits alternative allegations related to the subject of controversy. No such pleading was filed by complainant and no request to amend his bill to conform to the evidence was made at any time. Nor do we find in the bill the terms of any agreement, alleged directly or indirectly, which would support the finding of the trial justice in that respect.

In the absence of allegations reasonably related to an

agreement or to some other proper basis for granting relief under the special or general prayers apart from *actual* fraud, the instant cause is governed in principle by the case of *Dolan* v. *Dolan*, 78 R. I. 12. There the bill sought to have a deed set aside and canceled on the ground of fraud and undue influence. It also sought incidental relief and contained a prayer for general relief. The trial justice did not base his decision upon want of capacity on the part of the grantor nor upon the perpetration of any fraud by the respondent. He granted relief, however, apparently under the prayer for general relief on the theory that the amended bill was one for specific performance of an oral agreement between the complainant and the grantor.

In that case this court held that the language of the bill should be given a reasonable and not an unduly technical interpretation, but that "A respondent in order to prepare his defense and not be prejudiced is entitled to be reasonably apprised before trial of the complainant's claim." We further held that the complainant was not entitled to rely on her prayer for general relief unless such prayer was reasonably consistent with and related to the cause as stated in the bill of complaint. In that case there was no sufficient allegation of any agreement or the terms thereof as used by the trial justice in his decision, and in the circumstances we held it error to premise the decision and decree upon issues which were not reasonably made out by the pleadings, citing *Atlantic Fire & Marine Ins. Co.* v. *Wilson, Gall & Co.*, 5 R. I. 479, and *Rubber Company* v. *Goodyear*, 76 U. S. 788, 793. See also *Romeo* v. *Pate*, 74 R. I. 245.

As in the *Dolan* case, *supra*, the bill here is framed solely on the basis of actual fraud and contains no allegation directly or reasonably setting forth any agreement or the terms thereof. Nor does it allege other facts by which any issue, other than that of actual fraud as expressly alleged, could be determined and made the basis for the granting of the prayers for specific or general relief. The trial justice

having found no actual fraud and having received no request to amend the bill to conform to the evidence should have denied and dismissed it on respondent's motion, *without prejudice,* however, to the rights of the parties as to any issue other than actual fraud as alleged therein.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court with direction to enter a decree in accordance with this opinion.

*A. Louis Rosenstein, Leo L. Jacques,* for complainant.

*Thomas J. Paolino, George Ajootian,* for respondent.